DEWEY H. PRICE v. THE STATE.

No. 16198. Delivered October 25, 1933.
Rehearing Denied December 20, 1933.
Reported in 65 S. W. (2d) 768.

The opinion states the case.

*Wallace Malone,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being three years in the penitentiary.

No statement of facts is brought forward. The only bill of exception complains of the court's action regarding a request

for severance. It appears that in April, 1932, appellant filed a motion requesting that Henry C. Armstrong and J. B. Turner— separately indicted from each other and also from appellant— be tried first. The motion for severance is in compliance with the statute. No order on the motion was carried into the court minutes. It is recited in the bill that the "court made his notation upon the papers in this cause 'granted.'" The cases against all the named parties were passed by the state at the April term of court. From the bill and the qualification thereon it also appears that when this case was called for trial on the 10th day of January, 1933, appellant's motion for severance was among the papers in the case, but was not again called to the court's attention, and if appellant objected to then going to trial before the other parties were tried the record fails to show it. The court says in his qualification that the attorney for Turner in April, 1932, also filed a motion for severance requesting that appellant and Armstrong be tried before Turner; that Armstrong filed no motion for severance but that he was never in court available for trial in January when appellant was tried, and was not available for trial until the second day of February at which time he was convicted and given a suspended sentence. Under the circumstances we think no reversible error is shown.

The judgment is affirmed.

*Affirmed.*